# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JANELL LYNN KHAMVONGSA,<br>        Plaintiff,<br>v.<br>CASSIDY LAW FIRM, *et al.*,<br>        Defendants. | Case No. 2:25-cv-01085-RFB-NJK<br>**REPORT AND RECOMMENDATION** |

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

1    Plaintiff alleges that Brenda Sebring opened her mail in Pennsylvania and that Cassidy Law Group violated several of her civil rights. Docket No. 1-1 at 3-5. Plaintiff submits that she is without a phone due to a "person['s] control," that her email addresses are compromised, and that she is not permitted a phone or Wi-Fi access. *Id*. at 1-2. Plaintiff also alludes to an eviction and alleges that she was forced to take medication. *Id*. at 4. Plaintiff requests DNA testing of all the adults around Plaintiff, including the friends of her deceased grandparents, to verify "exact parental status" to resolve Plaintiff's "delusional thinking," and to pull "all filings by Cassidy Law Group." *Id*. at 3, 6. Based on these allegations, Plaintiff seeks $2,000,000 for each filing, $2,000,000 for each trust and guardianship filing, and a "proper" criminal litigation. *Id*. at 6. In light of the delusional factual scenario and nonexistent legal interest at issue, Plaintiff's complaint is appropriately dismissed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice. Further, the application to proceed *in forma pauperis* is **DENIED**. Docket No. 1.

Dated: June 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).